IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **MIKE MYHRE,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **EVER-GREEN TREE CARE, INC.**, a Washington corporation, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Mike Myhre ("Plaintiff" or "Myhre") brings this Class Action Complaint and Demand for Jury Trial against Defendant Ever-Green Tree Care, Inc. ("Ever-Green") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls without consent to consumers who registered their phone numbers on the National Do Not Call Registry ("DNC") and to consumers who have specifically asked the Defendant to stop calling them. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's

**CLASS ACTION COMPLAINT,** Page **1** of **15**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Mike Myhre is a resident of Monroe, Washington.

2. Defendant Ever-Green is a Washington corporation headquartered in Spokane, Washington. Defendant Ever-Green conducts business throughout this District and throughout Washington state.

## JURISDICTION AND VENUE

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District and was received by the Plaintiff while residing in this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.

**CLASS ACTION COMPLAINT,** Page **2** of **15**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

*See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

9. According to online robocall tracking service "YouMail," 4.2 billion robocalls were placed in September 2022 alone, at a rate of 139.9 million calls per day. www.robocallindex.com (last visited October 25, 2022).

10. The FCC also has received an increasing number of complaints about unwanted calls, with over 150,000 complaints in 2020, and over 160,000 complaints in 2021. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

**CLASS ACTION COMPLAINT,** Page **3** of **15**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

13. Defendant Ever-Green provides tree care services to consumers.[3]

14. Defendant Ever-Green places telemarketing calls to consumers to solicit their tree care services, including to phone numbers listed on the National Do Not Call list, like in Plaintiff Myhre's case.

15. To make matters worse, Defendant Ever-Green continues to call consumers even after they have explicitly told them to stop calling.

16. In job postings for an appointment setter telemarketer, Ever-Green lists cold calling as a preferred experience. For example:

> Application Question(s):
> Please briefly explain any sales, call center, or work from home experience you have in the last 2 years?
> What do you think it takes to be successful in this position?
> Do you have a quiet home office space where you can work?
> Are you available to work Friday & Saturday 9:00-5:30 each week?
> Would you be interested in the possibility of full-time hours down the road? If yes, do you have any schedule restrictions in the days and times you could work or is your availability open?
> If hired, when would be your soonest available start date?
> Please provide 3 Professional References?
>
> Experience:
>
> Phone Sales: 2 years (Preferred)
> Cold Calling: 2 years (Preferred)
>
> Work Location: One location

[4]

---

[3] https://www.linkedin.com/company/evergreen-tree-care/about/
[4] https://www.salary.com/job/evergreen-tree-care/appointment-setter-telemarketer/j202204262024511012401

**CLASS ACTION COMPLAINT,** Page **4** of **15**

- Sales or Call Center experience is a plus
- Please send resume / work experience via email
- Job Types: Full-time, Part-time
- Pay: $13.50 per hour
- Monday to Friday
- Outbound Cold Calling: 1 year (Preferred)
- Reliable Transportation (Required)
- Briefly explain any relevant experience you have and why you feel you would be a good fit for this at home position?
- Get job updates from Evergreen Tree Care

[5]

17. Defendant's employees have posted reviews that reference Defendant's cold calling practices, including:

**Great place for sales/cold callers**
SCHEDULER (Former Employee) - Spokane, WA - November 13, 2018

Lot's of opportunity for bonuses/commissions. Be ready to cold call residents. It's a bit competitive, and the leads are a bit stale, but it's really up to you how well you do.

✓ Pros
   The available shifts are different, fit all lifestyles

[6]

Current Employee, less than 1 year

**Order Generator**
Oct 13, 2017 - Order Generator

✓ Recommend    ✓ CEO Approval    ✓ Business Outlook

Pros
Excellent trainers help you be successful.

Cons
Door knocking / cold calls

[7]

18. Many consumers have posted complaints online regarding unsolicited telemarketing calls from Defendant Ever-Green, including calls that were placed after making a

---

[5] https://jobsearcher.com/j/appointment-settertelemarketer-at-evergreen-tree-care-in-spokane-valley-wa-We7MaBL
[6] https://www.indeed.com/cmp/Evergreen-Tree-Care/reviews
[7] https://www.glassdoor.com/Reviews/Ever-Green-Tree-Care-Reviews-E296131_P2.htm?filter.iso3Language=eng

**CLASS ACTION COMPLAINT,** Page **5** of **15**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

stop request, including:

- "Just received a cold call from this company.  We have never had a 'business relationship' with this company, making the contact prohibited under the federal regulation that set up the 'do-not-call' lists.  A business that cuts the first corner is not one I'd trust to honor any other corner of a contract for services.  No thank you, ma'am. I do thank them in as much as if I do need an arborist, I know where not to go."[8]

- "I'm really fed up with this companies aggressive sales tactics.  They have cold called numerous times and use the "our arborist is in the area" line. I have asked them to stop contacting me and just now a woman from Evergreen just knocked on our door and interrupted me during an important work call.  Normally i wouldn't answer but I'm expecting a family member today so I thought they might have come early.  This has become an ongoing problem and annoyance for us and our neighbors."[9]

- "This business is shady - I've repeatedly asked them to remove me from their contact list, yet they keep calling and coming by since "they're going to be in the neighborhood". Just got a call yet again today from Brian, and decided to  leave this review. DO NOT RECOMMEND."[10]

- "I am on the DO Not Call List and they called, hung up and left no message. So I tried calling the number back and it does not work. 206-693-3449. So be aware they are more than likely high pressure sales. Oh, and I blocked the number so if they call again, it rings once and then the line goes dead."[11]

- "They contact me for business repeatedly, by phone and knocking on the front door, even after asking them not to. I don't want to use their services again as I have landscapers that are doing a great job and who are much, much cheaper. I want all contact to stop."[12]

- "Called me on a Saturday morning trying to sell me their services even though I am on the federal Do Not Call list. When asked repeatedly why they called someone on the Do Not Call List, they kept repeating, "I'm sorry, we'll take you off our calling list" (which did not answer the question)."[13]

---

[8] https://www.yelp.com/biz/ever-green-tree-care-sammamish
[9] https://www.yelp.com/biz/ever-green-tree-care-sammamish?start=20
[10] *Id.*
[11] https://www.yelp.com/biz/ever-green-tree-care-sammamish?start=40
[12] https://www.bbb.org/us/wa/sammamish/profile/tree-service/ever-green-tree-care-inc-1296-64001956/complaints
[13] *Id.*

**CLASS ACTION COMPLAINT,** Page **6** of **15**

## PLAINTIFF MYHRE'S ALLEGATIONS

19. Plaintiff Myhre is the primary user and subscriber of 2 landline phone numbers, one ending in 4623 and one ending in 8682.

20. The phone number ending with 4623 has been registered on the DNC since June 30, 2003.

21. The phone number ending in 8682 has been registered on the DNC since June 29, 2003.

22. Plaintiff Myhre uses these phone numbers for personal and residential purposes only.

23. Plaintiff Myhre incurs a cost for every call made to his landline numbers.

24. Plaintiff Myhre has been receiving unsolicited calls from Ever-Green since 2016.

25. On July 1, 2016, Plaintiff Myhre received an unsolicited call from Ever-Green offering a free estimate on tree/landscaping services to his landline number ending 8682. Plaintiff Myhre told the employee that his number is registered on the Do Not Call registry and asked not to be called again.

26. Despite making a clear stop request, Plaintiff Myhre received another unsolicited call on July 27, 2016, to his landline number ending 8682. This call was also answered, and again, Plaintiff Myhre asked for the calls to stop.

27. On August 28, 2019, Plaintiff Myhre received an unsolicited call from Defendant to his other landline ending 4623 from 206-693-3449. The employee identified himself as being Kevin from Ever-Green Tree Care. Kevin was calling to offer a free estimate on tree care work. Plaintiff answered Kevin stating, "You're calling somebody on the Do Not Call list and that's $1500 per occurrence." Kevin answered, "Oh my… Oh wow…" and then hung up.

28. On March 11, 2020, Plaintiff Myhre received an unsolicited call from Defendant

CLASS ACTION COMPLAINT, Page **7** of **15**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

to his landline ending in 4623 from 206-693-3450. This call was also from an employee named Kevin who said he was with Ever-Green Tree Care. Kevin was calling to offer a free estimate on tree care work. Plaintiff answered Kevin stating, "We're on the Do Not Call list, so that's like a $1500 fine for each occurrence." Kevin answered, "Yeah, no it isn't." and then hung up the phone.

29. On March 22, 2021, Plaintiff Myhre received an unsolicited call from Defendant to his landline ending in 4623, from 206-693-3450. This call was from Nick, who said that he is with Ever-Green Tree Care. Plaintiff asked, "You're calling me out of the blue, huh?" Nick answered by admitting that he was and mentioned that Ever-Green employees were in the area. Plaintiff Myhre told Nick that his number is registered on the DNC and that violations are up to $1500 per occurrence. Plaintiff then told Nick that Ever-Green is required to check the DNC before calling. Nick asked if Plaintiff Myhre would like his number taken out of Ever-Green's contact list. Plaintiff said, "Of course" and mentioned that he had made previous requests in the past to have his number removed.

30. On October 4, 2022, Plaintiff Myhre received an unsolicited call from Defendant to his landline number ending 8682, from 206-693-3450. The employee identified himself as being Kevin over at Ever-Green Tree Care. Kevin was calling to offer a free estimate on tree care work. This is the same Kevin that Plaintiff spoke to on August 28, 2019. Plaintiff told Kevin, "You realize that you have violated the Do Not Call list and you guys keep calling us…" Kevin answered mockingly, "Oh no!" which he repeated 5 times before hanging up.

31. In addition to the aforementioned calls, Plaintiff also received calls from Defendant to the phone number ending in 7540, to which Plaintiff Myhre is the subscriber and payor of the phone number.

32. This phone number 7540 has been registered by Plaintiff on the DNC since July

CLASS ACTION COMPLAINT, Page **8** of **15**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1  2, 2003. The number is used for personal and residential use only.

2  33. On March 23, 2022, Defendant called from 206-693-3450 to the phone number 7540 and solicited a free estimate for tree services and was told there was no need for such services and the call ended.

34. On April 20, 2022, Defendant called from 206-693-3450 to the phone number 7540 and again solicited a free estimate for tree services.

35. The unauthorized telephone calls placed by Defendant, as alleged herein, have harmed Plaintiff Myhre since he pays per minute for each call he receives. In addition, Defendant has harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption and occupation of his phone devices and phone lines.

36. Seeking redress for these injuries, Plaintiff Myhre, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits unsolicited telemarketing calls to phone numbers that are registered on the DNC and for failing to institute procedures for maintain a list of persons who request not to receive telemarketing calls by or on behalf of the entity.

## CLASS ALLEGATIONS

37. Plaintiff Myhre brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent calling on behalf of the Defendant, called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason that Defendant called Plaintiff.

**Internal Do Not Call Class:** All persons in the United States who from four years prior

CLASS ACTION COMPLAINT, Page **9** of **15**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

to the filing of this action through trial (1) Defendant, or an agent calling on behalf of the Defendant, called more than one time, (2) within any 12-month period, (3) for substantially the same reason that Defendant called Plaintiff, (4) including at least once after the person requested that Defendant or its agent to stop calling.

38. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

39. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

40. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant placed multiple calls to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to make the calls;

(b) whether Defendant or their agents placed multiple calls to Plaintiff and members of the Internal Do Not Call Class including at least once after the consumer requesting Defendant or their agents to stop calling;

(c) whether the calls violated the TCPA;

**CLASS ACTION COMPLAINT,** Page **10** of **15**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

(d)  whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

41.  **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither the Plaintiff nor his counsel have any interest adverse to the Classes.

42.  **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to the Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Myhre and the Do Not Call Registry Class)**

CLASS ACTION COMPLAINT, Page **11** of **15**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

43. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

44. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

46. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages

CLASS ACTION COMPLAINT, Page 12 of 15

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

recoverable by the members of the Do Not Call Registry Class.

## SECOND CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Myhre and the Internal Do Not Call Class)

49. Plaintiff repeats and realleges paragraphs 1 through 44 of this Complaint and incorporates them by reference herein.

50. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other

**CLASS ACTION COMPLAINT,** Page 13 of 15

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

51. Defendant, or an agent calling on behalf of Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant or its agent to initiate telemarketing calls.

52. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

53. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each

CLASS ACTION COMPLAINT, Page 14 of 15

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Myhre individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Myhre requests a jury trial.

DATED this 8th day of November, 2022.

**MIKE MYHRE**, individually and on behalf of all others similarly situated,

By: /s/ *Eric R. Draluck*
WSBA # 19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
Telephone 206-605-1424
Email: eric@dralucklaw.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

**CLASS ACTION COMPLAINT,** Page **15** of **15**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424